UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| WARD DEAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:03 CV 0065 (LAC/MCR) |
| ) | |
| UNITED STATES, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OF LAW IN OPPOSITION TO
## DEFENDANTS' MOTION TO STAY PROCEEDINGS

### ISSUE PRESENTED

Defendants have falsely claimed that Plaintiff's discovery requests, if complied with, would divulge information or "evidence the service has obtained against him." It should be clear to even the casual reader that Plaintiff propounded no Interrogatories, Requests for Admissions or Requests for Production of Documents which are related to the "information or evidence" in the ongoing criminal investigation. Exhibit "1" of Exhibit "A" of Defendant's Motion to Stay Proceedings contains copies of Plaintiff's First Set of Interrogatories, First Request for Admissions, First Request for Production of Documents; Exhibit "2" is Plaintiff's Second Set of Interrogatories, Second Request for Admissions, and Second Request for Production of Documents, respectively. Review of these exhibits discloses the utter lack of merit to





Defendants' claim that Plaintiff is attempting to gain unfair advantage over the ongoing criminal investigation.

## ARGUMENT

Plaintiff concurs with the Defendant that in cases wherein a pending civil action involves issues related to an ongoing criminal matter, the government should be entitled to a stay of all discovery in the civil action, pending outcome of the criminal action. However, that is <u>not</u> the case here, as none of the information sought is related to anything other than the willful disregard of Plaintiff's rights by special Agent Burgess during the course of her investigation.

Defendants, in their Motion to Stay, put forth the argument that Plaintiff's discovery requests, if complied with, would disclose "evidence the service has obtained against him." (Defendant's Motion to Stay pg. 2 ¶ 2) Plaintiff herein states this allegation to be false and misleading. Defendants have falsely informed the court that Plaintiff has requested the "Release of information…such as the copies of documents sent to third parties requesting information about Dean during the investigation and the Service's internal documents and forms relating to the ongoing investigation." (Burgess Decl. ¶ 7) The information sought through use of the civil discovery process is related to the ongoing criminal investigation only with regard to Special Agent Burgess' acts in violation of Title 26 Section 6103. Defendants also propounded the claim that Plaintiff would be able to use the information sought to contact third party witnesses and attempt to coerce them not to cooperate. In fact, Special Agent Burgess claims Plaintiff has already done so. (Burgess Decl. ¶ 8) Plaintiff wishes the Court to note the fact that the only way Plaintiff even knew who had been contacted was by the third parties themselves contacting

Plaintiff to inform him of the actions of Special Agent Burgess, with regard to the investigation. Had this not been the case, Plaintiff would otherwise not have known who had been questioned by Agent Burgess.

Plaintiff's discovery requests, when reviewed, will disclose the true nature and scope of the evidentiary basis for those requests. The information and documents requested are not material to the criminal investigation, and would be of no use to Plaintiff in that capacity, contrary to the allegations by Defendants. Review of the discovery in question discloses, but for a single Interrogatory, no questions related to the specifics of the allegations against the Plaintiff in the criminal investigation. The Discovery is related only to Special Agent Burgess, her authority, actions, training requirements, knowledge of and compliance with IRS policies and procedures, and whether she did or did not violate provisions of Title 26 Section 6103 as alleged by Plaintiff.

Each and every authority cited by the Defendants in their Motion for Stay related to the staying of a civil action, or the staying of civil discovery in an action where the discovery materials sought would inappropriately disclose information concerning the collateral criminal investigation or proceeding.

Plaintiff's claim and situation is virtually identical to that of Dr. Kris M. Reddy, in *Reddy v. US, et al,* USDC, Southern District of Florida, case No.: 99-8065 Civ-RYSKAMP. In that case, the identical violation of rights was committed upon Dr. Reddy as that alleged by the Plaintiff herein. No stay of discovery was sought, nor can it be inferred would one have been granted. As in the instant case, Dr. Reddy sought civil remedies for wrongs committed upon him

by a Special Agent for the IRS during the course of a criminal investigation. (See Also: *Comyns v. US*, USDC, Southern District of Florida, Case No.: 00-8272 Civ-RYSKAMP) Dr Reddy's claims, as well as those of *Comyns*, mirror those of the Plaintiff herein, and did not relate to the substance of the ongoing criminal investigation itself. The Reddy case was resolved by Dr. Reddy's acceptance of a settlement offer shortly after perfection of discovery. Comyns lost a summary judgment, but not before discovery was perfected. In *Comyns*, just as in *Reddy*, no cognizable objection to discovery was ever voiced.

One of the primary authorities cited by the Defendants, in their Motion to stay, is *Campbell v. Eastland,* 307 F.2d 478 (5th Cir. 1962), *cert. Denied,* 371 U.S. 955 (1963). The civil action in the Campbell case is distinguishable from that of the Plaintiff's in this instant action as the discovery sought by the taxpayer was in direct relation to the criminal matter then under investigation. Again, that is <u>not</u> the case with this instant action. Plaintiff merely seeks to prove that Special Agent Burgess violated Plaintiff's rights during the course of the investigation, and how many times she did so.

It is apparent to Plaintiff that the "Declaration of Special Agent Tanya D. Burgess," is nothing more than a self-serving attempt to delay the inevitable conclusion that she did, in fact, commit the wrongs against the Plaintiff as alleged. Nothing about the Plaintiff's discovery requests can be construed as relevant, or pertinent, to the ongoing criminal investigation. T.D. Burgess' declaration is clearly calculated to serve her own personal interests and not those of any ongoing investigation.

## **CONCLUSION**

The Court should deny the United States' Motion to Stay the Proceedings. The government's motion serves no purpose other than to conceal the length and breadth of Agent Burgess' violation of the law and the rights of the Plaintiff. It appears that the government is investigating the Plaintiff for some form of what it believes to be tax evasion. Any information sought relevant to the discovery in this case serves only to prove the number of times Agent Burgess willfully, and knowingly exposed the Plaintiff's reputation to damage prior to any finding by the Grand Jury (should there be one) of wrongdoing on the part of the Plaintiff.

Should this court ultimately determine that any portion of the discovery sought should result in an unfair advantage to the Plaintiff in his criminal matter, redaction of those offending portions would be the least restrictive means to ensure that the interests of equity and justice are maintained.

Respectfully Submitted,

Ward Dean, M.D.
Plaintiff Pro Se
8799 Burning Tree Road
Pensacola, Florida 32514
(850) 484-0595
(850) 477-8610 (Fax)
warddeanmd@earthlink.net

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing Memorandum of Law in Opposition to Defendant's Motion To Stay Proceedings has been furnished to: Lindsey W. Cooper, Jr., U.S.D.O.J., P.O. Box 227, Ben Franklin Station, Washington, D.C. 20044, via U.S. Mail, on this 8th day of August, 2003.

                                                                                                        Ward Dean, M.D.
                                                                                                        Plaintiff Pro Se