# IN THE UNITED STATES DISTRICT COURT FOR THE

## NORTHERN DISTRICT OF FLORIDA

## PENSACOLA DIVISION

| | | |
|---|---|---|
| WARD DEAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:03 cv 00065 (LAC/MCR) |
| | ) | |
| UNITED STATES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF THE UNITED STATES' MOTION TO REOPEN AND EXTEND DISCOVERY PERIOD

### Issue Presented

The United States, relying upon its interpretation of this Circuit's policy, previously was

hindered from conducting civil discovery in this case by giving deference to the ongoing and

concurrent criminal proceedings against plaintiff.  The United States believed that, if it engaged

in discovery, it would have interfered with the criminal process.  As a result, a stay of this action

was requested after plaintiff commenced discovery.  The Court denied to stay this matter at this

time.  Because the United States in good faith was deferring to the criminal investigation, with

which it did not wish to interfere, and because of the highly factual nature of the plaintiff's

claims, should the discovery deadline now be extended for a reasonable amount of time so that

the United States can conduct discovery to defend itself against plaintiff's allegations?

**Statement**

Even before this complaint was filed, the Internal Revenue Service's criminal division was conducting an investigation into whether plaintiff had committed offenses under the Internal Revenue Code or related statutes. As a result of the criminal investigation, certain facts were uncovered, and a grand jury proceeding was initiated against plaintiff. That grand jury proceeding is ongoing.

After the criminal investigation began, plaintiff filed this civil action against the United States seeking damages for the alleged unauthorized disclosure of return information under 26 U.S.C. §6103. As outlined in the complaint, the alleged unauthorized disclosures occurred while the Service was conducting its criminal investigation into whether plaintiff violated the Internal Revenue Code. (Compl. ¶¶4-16.) On June 5, 2003, the Court approved the proposed discovery plan submitted by the United States and Dean. In that discovery plan, the parties requested that the discovery deadline be set for August 15, 2003, which was the same discovery cutoff contained in the Court's May 2003 order. The parties also informed the Court in their scheduling order that the United States would move to stay the proceedings because of the ongoing criminal investigation. (Scheduling Order ¶2f.) Additionally, the parties informed the Court that an extension of discovery might be requested if a stay was sought. (Scheduling Order ¶2e.) In hindsight, this discovery deadline was insufficient for the stay issue to be resolved and adequate discovery to be conducted.

Indeed, after the United States was served with discovery, the United States moved this Court to stay the proceedings on July 29, 2003. Plaintiff responded on August 8, 2003. The Court denied the motion to stay on August 15, 2005 – the very same day of the discovery cutoff

-2-

deadline.[1]  Because the Court made its determination that the civil proceeding may not affect the criminal matter, the United States at this time must go forward and conduct discovery despite its good faith belief that the discovery process may prejudice the criminal investigation and grand jury proceedings.  In order to do so, an extension of the discovery period is sought so that it is afforded a reasonable opportunity to defend against plaintiff's complaint, which it could not have done before-hand while deferring to the criminal investigation.  Thus, the United States requests an additional 120 days to conduct discovery from the date of the order on this motion.

<u>**Argument**</u>

**A.    There Is Good Cause for Extending the Discovery Period.**

The United States should be granted an extension of the discovery period because of the deference it afforded the criminal investigation and grand jury proceedings against the plaintiff.  Indeed, there is a delicate balancing act that the United States faces in the instant litigation.  The plaintiff is under criminal investigation, and it is the policy of this Circuit that civil courts give higher priority or deference to criminal proceedings.  *In re Application of Eisenberg,* 654 F.2d 1107, 1113 (5th Cir. 1981) (referencing *Campbell v. Eastland,* 307 F.2d 478 (5th Cir. 1962)).  On the other hand, plaintiff filed a complaint against the United States for civil damages arising from alleged unauthorized disclosures of return information which occurred during that very same

---

[1]    The United States received the order denying the stay on August 22, 2003 and is filing this motion as soon as possible thereafter.  The Court denied the motion to stay because the United States had not sufficiently shown that the information sought by plaintiff would interfere with the criminal investigation.  The Court left open the possibility that the motion to stay would be appropriate if further evidence were provided showing that discovery would interfere with the ongoing criminal investigation.  (Order, p.4.) The United States may renew its motion and provide additional and more specific and focused evidence as to why the action should be stayed.  But an extension is sought so that the United States is not precluded from conducting discovery, regardless.

criminal investigation.

Because of the nexus between the criminal investigation, this lawsuit of plaintiff and the wide-open nature of the civil discovery process, the United States asserted that responding to the discovery requests would "seriously impair" the criminal investigation. (*See* Burgess Decl. ¶7.) And the United States did not respond or conduct discovery because of the perceived interference that civil discovery would cause the criminal proceedings and the grand jury. The United States was attempting to comply in good faith with the Fifth Circuit's policy giving deference to the criminal proceedings – not wanting to interfere with the criminal case or the grand jury. *In re Application of Eisenberg,* 654 F.2d at 1113 (referencing *Campbell v. Eastland,* 307 F.2d 478 (5th Cir. 1962)). This meant that, for its part, the United States did not attempt to conduct discovery because taking discovery might have impinged upon the more limited criminal discovery process and/or the proceedings of the grand jury. Indeed, once the United States was served with written discovery and the imminent threat of disclosures that would impair the criminal investigation became a reality (from its point of view), the United States moved the Court to stay the proceedings on July 29, 2003. Ultimately the stay was denied on August 15, 2003, and the discovery cutoff deadline simultaneously expired.

Now that the Court has determined it appropriate for this civil matter to continue, the United States shows good cause for an extension of time because of its deference to the ongoing criminal investigation. And because of that deference, engaging in discovery prior to August 15, 2003 would have been an incompatible course of action with the criminal proceedings. Further support for granting the extension is demonstrated by the United States disclosing to the Court in the scheduling order its intent to attempt to stay the proceedings if discovery was sought, which it

-4-

did. (Scheduling Order ¶2f.)  The United States also notified the Court that an extension of time might be required if a stay was sought.  (Scheduling Order ¶2e.)   This is the exact posture of the case, and the extension should be granted as foreseen by the parties.  This is the first extension that the United States has requested.  The United States reasonably believes that it can complete the discovery within this time frame now that the Court has ruled (unless a subsequent stay is granted).  For all of these reasons, good cause is demonstrated for an extension of an additional 120 days from the date of the Court's order for discovery to be taken.

**B.      The Requested 120 Extension Is Reasonable.**

The requested 120 day extension is reasonable under these circumstances.  After the scheduling order was entered by the Court, plaintiff disclosed four persons to whom the unauthorized disclosures were allegedly made in his Fed. R. Civ. P. 26(a)(1) core disclosures dated June 20, 2003.  (Dean's Fed. R. Civ. P. 26(a)(1) Disclosures attached as Exhibit 1.) Whether and/or how any communications made to these persons were wrongful disclosures is factually dependent.  Thus, the United States should be afforded sufficient time to take discovery on these allegations.  Additionally, plaintiff is seeking actual damages resulting from purported professional and personal embarrassment, loss of income, and pain and suffering.  (Ex. 1, p.4; Compl.¶30.)  Because plaintiff is seeking actual damages, the United States requests an opportunity to inquire as to the basis of the damages allegations.  Moreover, an expert may be required to assist in determining if the alleged disclosures caused any alleged actual damages to plaintiff.  Because these aspects of the case are highly factual in nature, the requested 120 days is reasonable in order to conduct discovery into the facts and circumstances surrounding disclosures to third-parties and the actual damages that plaintiff allegedly suffered.

In hindsight, the August 15, 2003 discovery cutoff contained in the scheduling order proposed by the parties was an insufficient amount of time because of the attempt to stay the proceedings due to the ongoing criminal proceedings and because of the highly factual nature of defending a claim for actual damages.  If the motion is granted, the United States requests that the scheduling order accordingly be amended as stated in the proposed order.

### Conclusion

The United States requests this Court to reopen and extend the discovery deadline and issue the attached order amending the scheduling order.

DATED: August 28, 2003                    Respectfully submitted,

                                          GREGORY R. MILLER
                                          United States Attorney


                                          LINDSEY W. COOPER, JR.
                                          (TN Bar No. 020705, DC Bar No. 473895)
                                          Civil Tax, Eastern Region
                                          U.S. Department of Justice
                                          P.O. Box 227, Ben Franklin Station
                                          Washington, DC  20044
                                          Telephone: (202) 307-6528
                                          Facsimile: (202) 514-6866

                                          *Attorney for the United States*

# EXHIBIT 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

WARD DEAN, M.D.                          ) Civil Case No. 3:03 CV 00065 LAC/MCR
                                         )
          Plaintiff,                     )
                                         )
     v.                                  )
                                         )
UNITED STATES OF AMERICA                 )
                                         )
          Defendant.                     )
                                         )

## PLAINTIFF'S RESPONSES TO MANDATORY DISCLOSURES

1.  State precisely the classification of the cause of action being filed, a brief factual outline of
the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct
statement of the legal issues in the case.

Answer:  This instant action arises from the disclosure of "confidential return information"
regarding Plaintiff by Defendant. Defendant has indicated or disclosed to a number of associates
and patients of Plaintiff either verbally or in writing that he is under Criminal Investigation.
Such Disclosure is in violation of Title 26 Section 6103. Title 26 Section 7431 authorizes that a
civil action for damages may be brought against the United States in a district court of the United
States for a violation of Section 6103.

2.  Describe in detail all statutes, codes, regulations, legal principles, standards and customs or
usages, and illustrative case law which plaintiff contends are applicable to this action.

Answer:

Statutes and regulations:

          26 U.S.C. Sec. 6001
          26 U.S.C. Sec. 6011
          26 U.S.C. Sec. 6103
          26 U.S.C. Sec. 6201
          26 U.S.C. Sec. 6202
          26 U.S.C. Sec. 6203
          26 U.S.C. Sec. 7431
          26 U.S.C. Sec. 7602
          26 U.S.C. Sec. 7608

5 U.S.C. Sec 551
5 U.S.C. Sec. 552A

26 C.F.R. Sec. 301.6103

Court cases:
Gandy v. United States, 1999, U.S. District Lexis 1029 (E.D. Tex, 1999)
Jones v. United States, 97 F.3d 1121, 1125 (8th Cir. 1996)
Barrett v. United States, 795 F.2d 446 (5th Cir. 1986)
Diamond v. United States, 944 F.2d 431 (8th Cir. 1991), reh'g denied, 1991 U.S. App.
    Lexis 25773 (8th Cir. Oct 30, 1991)
May v. United States, 141 F.3d (table cite), 81 A.F.T.R.2d (RIA) 98-853, 98-1 U.S. Tax
    Cas. (CCH) Para 50,220 (8th Cir. 1998)
U.S. v. Merrill, 332 U.S. 380-388, (1947)

IRS Publications
    IRS *Disclosure Litigation Reference Book* Document 8448 (4-2000) Catalog Number
244147Q

        The above list of citations is intended to be representative of the authorities at issue in
this case. The Plaintiff expressly reserves the right to amend the above list to add authorities and
use other related authorities in this action.


3. Provide the name and, if known, the address and telephone number of each individual likely
to have discoverable information relevant to disputed facts alleged with particularity in the
pleadings, identifying the subjects of the information:

Answer:

        IRS Agent who disclosed confidential return information:

        Special Agent Tanya Burgess
        880 N. Reus St., Suite 101
        Pensacola, Florida 32501
        850-432-5075

        Known patients and associates to whom confidential return information was disclosed.

        Dillon Vickery
        4731 N. Ninth Avenue
        Pensacola, Florida 32533
        850-477-4719

John Morgenthaler
c/o Smart Publications
P.O. Box 4667
Petaluma, California 94955
800-980-8780

Rob Watson
c/o Vitamin Research Products, Inc.
3579 Hwy 50 East
Carson City, Nevada 89701
800-877-2447

Donna Westling
5644 Bimini Place
Fayetteville, North Carolina 28314
910-867-4731

The above list of individuals is probably incomplete at this time. The Plaintiff expressly reserves the right to amend the above list to add other individuals/organizations as he may learn about through discovery.

4. Provide the name of any person who may be used in trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Mandatory Disclosures as Attachment B.) Answer: At this time the Plaintiff does not plain to call a witness as described in the foregoing rules, although Plaintiff reserves the right to call expert witnesses.

5. Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that are relevant to disputed facts alleged with particularity in the pleadings. (Attach document list and descriptions to Responses to Mandatory Disclosures as Attachment C.)
Answer: The documents attached as Exhibits to the original complaint as well as all correspondence between Plaintiff and Defendant are the only documents known to the Plaintiff at this time. Reserve the right to amend with additional documents subject to Discovery.

6. In the space provided below, provided a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material for inspection and copying as under Fed.R.Civ.P. 34. (Attach any copy and descriptions to Responses to Mandatory Disclosures as Attachment D.) Answer: The Plaintiff bases his computation of damages on court costs, pain and suffering incurred by family due to IRS harassment, professional embarrassment, loss of income, and loss of goodwill. Punitive damages at this time are based on treble damages of the foregoing amount due to the fact that the defendant's conduct constituted a knowing and willful deviation from and non-compliance with the law and IRS regulations.

7. Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Responses to Mandatory Disclosures as Attachment E.)
Answer: There are no insurance agreements that will be applicable as evidence in this case.

8. Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiff's cause of action and state the basis and extent of such interest.
Answer: Plaintiff is unaware at this time of any person or legal entity who has a subrogation interest in this case.

Date: 2003 June 20                              Respectfully submitted,



                                                Ward Dean, M.D.
                                                8799 Burning Tree Road
                                                Pensacola, Florida 32514
                                                850.484.0595

CERTIFICATE OF SERVICE

I hereby certify that I have, on 2003 June 20, placed a true and exact copy of the:
PLAINTIFF'S RESPONSES TO MANDATORY DISCLOSURES

Via U.S. mail, addressed to:

Lindsay W. Cooper, Jr.
Civil Tax, Eastern Region
U.S. DOJ
P.O. Box 227
Ben Franklin Station
Washington, D.C.  20044
202.307.6528

Ward Dean, M.D.
In Propria Persona
8799 Burning Tree Road
Pensacola, Florida  32514
850.484.0595