IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| WARD DEAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:03 cv 00065 (LAC/MCR) |
| | ) |
| UNITED STATES, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO
REOPEN AND EXTEND DISCOVERY PERIOD
REQUEST FOR SANCTIONS**

Ward Dean, plaintiff *pro se*, pursuant to Fed.R.Civ.P. 6(b) and 7, and local rules 6.1 and 7.1 files this opposition to defendant's Motion to Reopen and Extend Discovery Period. Review of the motion discloses that defendants present no facts or matters in support of their Motion to Reopen and Extend Discovery Period different from those presented in their Motion to Stay Proceedings, which was previously denied by this Court.

On June 5th, 2003, this Court ordered all pre-trial discovery be completed not later than August 15th, 2003. In that order this Court stated, with specificity, "The filing of motions shall not operate to toll or extend the discovery cutoff date set forth in this paragraph." The defendants wholly ignored this specific and concise language. The defendants, in their Memorandum of Law in Support of their Motion to Reopen and Extend Discovery Period have presented this Court with nothing more than a restatement of the argument previously rejected by this Court when presented in defendants' Motion to Stay, which was denied by this Court.



-1-

It seems Defendants would have this Court believe that their objection to their complying with this Court's discovery order was filed immediately following this Court's order. Plaintiff wishes to clarify any possible misperception. Defendants did not move to stay the proceedings until July 29th, 2003. This was almost two months after the Court's discovery Order and a mere 17 days before the discovery cutoff date previously established (approximately 120 days prior to Defendants filing their Motion to Reopen). By defendant's own admission, they took no steps to even start to obtain any portion of the requested discovery, at any time prior to the court-ordered August 15th cutoff date. Defendants had apparently hinged their hopes on the Court granting their Motion to Stay. At their own risk, they chose to ignore this Court's order that discovery be completed by August 15th, 2003, and that "no motion would suspend the tolling of time."

Despite that choice by defendants, after the Court denied their Motion to Stay, Plaintiff extended a hand of conciliation and offered defendants the opportunity to file a joint motion, requesting an additional 21 days beyond the August 15th cutoff date, thereby allowing defendants an additional three weeks to complete any outstanding discovery matters. Defendants chose to brush aside that extended hand of conciliation and offer.

Plaintiff strongly contends defendant's request for an additional four months (120 days) is not only unreasonable but is also a transparent attempt to take a second bite at the Apple. In the interests of judicial economy, immediately after the Court's initial discovery order, defendants could have started gathering the discovery information and filed a timely motion to revise or amend the Court's order, requesting an extension of the discovery cutoff date pending outcome of their motion to stay proceedings. Plaintiff would not have objected to a *reasonable*

request for such extension. However, defendants have already had more than 120 days to produce materials readily available to them and/or easily obtainable by them.

The request for an additional 120 days is significantly longer than the 70+ days this Court originally set and, if started at the present time, would mean more than *eight months* to produce information the defendants are required by law to already have. The defendants have presented this Court with only their own repeated self-serving opinions, not with any factual information that would justify such a delay in complying with the order of this Court. It is not a reasonable request and therefore should not be granted.

Further, Plaintiff believes this Court should consider monetary sanctions against counsel for the defendants for making this motion and wasting the Court's time by re-arguing a position this Court has already denied. Plaintiff believes sanctions are further justified for the admittedly willful refusal by defendants to take any steps *whatsoever* to *start* complying with the Court's discovery order during the 70+ days the Court set for the *completion* of discovery and further, for the continuing willful refusal during the now more than 20 days past the date set for completion of discovery, which is now more than 120 days from the date this Court ordered discovery.

                                                  Respectfully submitted,

                                                  Ward Dean, M.D.
Plaintiff pro se
8799 Burning Tree Road
Pensacola, Florida  32514
850-484-0595

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing Opposition to Defendant's Motion to Reopen and Extend Discovery Period were caused to be served on the 4th day of September 2003, by sending a copy thereof via certified mail to:

> Lindsey W. Cooper, Jr.
> *Attorney for the Defendants*
> (TN Bar No. 020705, DC Bar No. 473895)
> Civil Tax, Eastern region
> U.S. Department of Justice
> P.O. Box 227, Ben Franklin Station
> Washington, DC 20044

> *[signature]*
> Ward Dean, M.D.
> Plaintiff pro se
> 8799 Burning Tree Road
> Pensacola, Florida 32514
> 850-484-0595