# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

| | |
|---|---|
| **WARD DEAN, M.D.** ) | |
| ) | No. 3:03 cv 00065 (LAC/MCR) |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **UNITED STATES, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## PLAINTIFF'S MEMORANDUM IN OPPOSITON TO THE GOVERNMENT'S VARIOUS MOTIONS

COMES NOW Plaintiff, Dr. Ward Dean (Dean), in opposition to the government's several motions: For stay of proceedings (renewed motion), for *ex parte* hearing with the Court, for sealing of the records, for sealed affidavit by agent Burgess, and for in *camera* review. Counsel for the government covers a tremendous volume of materials and issues. In order to save this Court's time, plaintiff will address these issues serially as elaborated by defendants in their motions. (*In this Memorandum in Opposition, plaintiff presents the contentions asserted by defendants as headings in his argument*).

## ARGUMENT

### A. Dr. Dean's Assertions in the Criminal Proceeding Support a Stay of This Action

This civil action stems from acts committed by IRS Special Agent Tanya Burgess during the course of an investigation. The nature and scope of her authority to con-

duct such matters has a direct, relevant affect upon the ultimate resolution of this matter. Plaintiff does *not* seek information relating to the scope or findings of the investigation. Plaintiff seeks only discovery of materials related to the authority of agent Burgess to conduct the criminal investigation, *not* any substantive material related to any alleged criminal activities of the plaintiff. Plaintiff does not contest that no substantive factual information derived from the investigation that may be obtained herein would be admissible in the criminal case (should one ultimately be filed) without review by the criminal court.

Counsel for the defendants quotes plaintiff as having made the statements: "Movant herein avers the IRS assessment giving rise to the instant U.S. DOJ investigation is based upon false and/or inaccurate information, and that such averment can be substantiated upon completion of discovery," and "Materials, responses and admissions sought within the aforementioned civil discovery pleadings will have a significant impact upon the ongoing criminal investigation." Counsel quotes accurately. However, he is being deceptive because he takes those statements out of context. All civil discovery sought by plaintiff is believed to be relevant to unlawful disclosure of return information by agent Burgess. Any effect upon the criminal proceedings will be of a collateral nature.

Plaintiff herein will discuss the criminal matter only to clarify the collateral nature and scope of any possible overlapping discovery materials. Plaintiff suspects (if and when discovery is perfected in this case) the information sought will prove agent Burgess lacked the authority to perform acts she committed during the course of her investigation. The documents should prove to this Court that agent Burgess acted outside the scope of her authority, thereby defeating any defenses of Sovereign Immunity, Absolute Immunity and/or Qualified Immunity. If the investigation were not lawfully authorized (as plaintiff suspects), then this action would change to one in the nature of a *Bivens[1]* action.

---

[1] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).

Furthermore, another possible impact upon the criminal matter is that any evidence obtained as the end result of an *unlawful* investigation may be inadmissible under the *"Fruit of the poisonous Tree"* doctrine, as defined by <u>Wong Sun v. U.S.</u> (1963) 371 U.S. 471, S.Ct.116, 83 S. Ct. 407, 9 L. Ed. 2d 441. Additionally, should any criminal action ultimately arise from the Grand Jury investigation, a challenge to the admissibility of evidence obtained in an *unlawful* manner would require production of the same evidence, *of lack of authorization to conduct the investigation*, requested here.

Numerous times during this proceeding, defendants have attempted to deceive this court by falsely claiming plaintiff has committed actions calculated to hinder the collateral criminal investigation. The record clearly reflects this is not true. It has also been the defendants' contention that the sole purpose of this suit is for plaintiff to obtain evidence in the criminal proceedings. This also is not true. The sole purpose of this action is to obtain legal redress for the wrongs visited upon plaintiff by agent Burgess, in the course of what plaintiff believes will ultimately prove to be an unlawfully conducted investigation. Plaintiff harbors no ulterior motives in conjunction with this civil action, and has, in fact, offered numerous concessions to defendants concerning nondisclosure of information they believe sensitive to the collateral criminal proceeding.

Counsel for the defendants has told this Court that "a good faith attempt was made to resolve the issues raised by this motion" (Defendant's Renewed Motion to Stay Proceedings, page 1). That is bewildering, as it is absolutely not true. The only effort counsel for defendants made was to once again merely ask if plaintiff would agree to a stay and to extension of four months to complete the discovery which this Court ordered be completed by August 15th. Counsel for defendants did not make any other suggestions for resolution of the issues, e.g., there was no offer made to provide the discovery with any specific substantive material redacted. Now, at this point, given all acts of delay and obfuscation by counsel for defendants, plaintiff is not sure counsel can be trusted to do redactions in "good faith."

Plaintiff respectfully suggests it would be more expeditious to have this Court review the documents defendants provide in response to plaintiff's discovery requests and decide which documents are benign and which may require redaction of information sensitive to any criminal investigation and Grand Jury proceedings. Plaintiff is confident this Court can be a fair and impartial arbiter as to what information needs to be redacted from any requested documents prior to their release to plaintiff. Further, plaintiff believes this can be done in open court, with counsel for defendants conferring with the Court at the bench while reviewing the documents. *Ex parte* proceedings are too reminiscent of the dreaded Star Chamber proceedings of England.

Plaintiff's statements are consistent with what he believes to be the truth, and mean no more, no less. The government may not be obeying the law. When plaintiff's statements are considered in context with the nature of this case, they take on a straightforward meaning, *without* the dark subversive intent that counsel for defendants would have this Court believe.

## B. Plaintiff's Civil Discovery Requests Are Related to the Criminal Proceedings.

As previously addressed, some of the discovery requests *are* related to the criminal proceedings, but only collaterally as related to the authority of agent Burgess to investigate and conduct those proceedings, and in that plaintiff believes discovery may expose even greater wrongdoing (beyond the transgressions of agent Burgess) by other government agents.

### 1. Dean's Discovery Requests Are Intended to Support His Criminal Defenses

Plaintiff's potential criminal defenses are elaborated for the world to view on his web site, which the government has closely monitored. Plaintiff has already asserted his willingness for this Court to redact any information requested that, if revealed, may be detrimental to the government's criminal proceedings (no double entendre intended).

A key question is: Does the government have information to prove that Agent Burgess has properly instituted the criminal investigation and has not unlawfully divulged Plaintiff's return information to anyone else? (E.g., if the government has not followed lawful procedures, unlawful disclosure may have been made to the Grand Jury.)

Agent Burgess exercises *delegated authority* only. If there is no Delegation Order for a particular function, then performing that function becomes an illegal act on the part of the agent as an individual. If agent Burgess is required by law to have an Oath of Office on file and does not, again, her actions are those of an individual unlawfully transgressing upon the plaintiff's rights. If referral to the Grand Jury was improper, there were unlawful disclosures to the Grand Jurors.

Counsel for defendants apparently objects to a mere citizen asking an agent of the government for proof of lawful authority. However, the courts have a long history of warning citizens of the perils of assuming government agents have the authority they claim they have. The history of government agents exceeding their authority, and the advice of the courts for citizens to beware of overreaching by government agents, extends as far back as the existence of government agents.

The following are illustrative of the point:

In <u>Pierce v. United States</u> (1868) 7 Wall 666 (The Floyd Acceptances), Bills of Exchange, which the Secretary of War had signed, were at issue. The court held the U.S. was not liable for the instruments:

> "That the powers of a public agent are to be determined by law, and those powers are limited by the law to the performance of specific duties imposed upon such agents; and his powers are to be construed with reference to the design and object of them.
> "That the powers of such agent being conferred and limited by law, all persons dealing upon his authority, is chargeable with notices of the extent of his powers
> "That all the fiscal operations of the United States, all the bonds, bills, and notes issued by the government, are required, by law, to be done by the Treasury Department, the sole agency, under the law, authorized to perform those functions.

> "That no bond, bill, treasury note, or other evidence of debt, can be issued, nor can any debt against the United States be created, except in virtue of a law of Congress
> "That, therefore, the Secretary of War had no authority, in virtue of his official character, to accept bills or exchange and bind the United States for their payment." 7 Wall, at 673.

In *Federal Crop Ins. Corp. v. Merrill* (1947) 332 U.S. 380, 68 S.Ct. 1, farmers planted wheat in reliance upon advice from a local Federal Crop Insurance agent that the crop was insurable. The Court held the government was not bound by actions of its agent, and said:

> "Whatever the form in which the Government functions, anyone entering into an arrangement with the Government takes the risk of having accurately ascertained that he who purports to act for the Government stays within the bounds of his authority. The scope of this authority may be explicitly defined by Congress or be limited by delegated legislation, properly exercised through the rule-making power. And this is so even though, as here, the agent himself may have been unaware of the limitations upon his authority." 332 U.S., at 384

In the case of *Bollow v. Federal Reserve Bank of San Francisco*, 650 F.2d 1093 (9th Cir. 1981) on an employment contract action, involving a charge of age discrimination, the Court held:

> "All persons in the United States are chargeable with knowledge of the Statutes-at-Large . . . . [I]t is well established that anyone who deals with the government assumes the risk that the agent acting in the government's behalf has exceeded the bounds of his authority." 650 F.2d, at 1100.

In the case of *United States v. Willis*, 164 F.2d 453 ( 4th Cir, 1947) where there was no evidence of authority on part of War Shipping Administration official to bind government for expenses by the owner of a tug boat and barge in maintaining the crew prior to requisitioning of title by the government, the court stated:

> "Under such circumstances, we think it perfectly clear that the United States cannot be held to liability on the theory that there was a contract between plaintiff and an officer of the government. He who deals with an agent of the government must look to his authority, which will <u>not be presumed but must be established</u> [emphasis added]. He cannot rely upon

> the scope of dealing or apparent authority as in the case of a private agent. *Sutton v. United States*, 256 U.S. 575, 41 S. Ct. 563, 65 L. Ed. 1099, 19 A.L.R. 403; *United States v. North American Co.*, 253 U.S. 330, 40 S. Ct. 518, 64 L. Ed. 935; *Whiteside v. United States*, 93 U.S. 247, 256-257, 23 L. Ed. 882; *The Floyd Acceptances*." 7 Wall. 666, 676-677.

There are many more cases that could be cited, but plaintiff believes these should suffice. While the cited cases deal with administrative actions generally, this Court should not look upon plaintiff any less favorably because he questions the authority being exercised against him by an IRS agent, or an Assistant United States Attorney. There is much more at stake than a mere contract. So, for plaintiff to ignore the warnings of the courts would be foolhardy

What is the truth of the allegation by counsel for defendants regarding the "threat" to the criminal proceedings? Is the lack of authority exercised by agents and officers of the government the truth he fears revealing? Has there been overreaching by agent Burgess? Again, these are the questions Plaintiff has been asking, and which the defendants have been avoiding answering for some time now. The issues *are* relevant to the civil action.

With regard to documentation regarding the assessment: This information is available through a FOIA request, although not as expeditiously. Why not, then, through the discovery in a court case? If the assessment is found to be fraudulently or falsely determined, and agent Burgess (and/or others) is aware of this, then the complexion of this action might, of necessity, change.

To sum up: Plaintiff admits the information requested through discovery may *collaterally* affect the criminal proceedings. But what plaintiff seeks is not the evidentiary information garnered by those criminal proceedings--it is information to show whether the investigation was lawfully instituted in the first place, and whether the letter of the law has been followed, and has not resulted in further unlawful disclosures. The documents and information sought are not for use as a criminal defense to any validly instituted criminal charges, rather for challenging whether any criminal charges that may be instated, will be done so with lawful

authority. Also, the discovery is relevant as to whether the Grand Jurors may have been among the unwitting recipients of unlawful disclosures.

### 2. Dean's Discovery Seeks Substantive Evidence About the Criminal Investigation.

Defendants' Motion to File the Second and Third Declarations of Tanya Burgess indicates an intent to disclose portions of the grand jury testimony to this Court and to do so *ex-parte* and *in camera*. Plaintiff believes it should be obvious that none of the discovery materials requested are in any way related to testimony presented to the grand jury.

In the memorandum in support of defendant's Renewed Motion for Stay, at page 8, defendants reference plaintiff's request for a copy of the Form 9131 filed in conjunction with the criminal investigation. They explain in detail why they object to the production of this document and how it may affect the criminal case. What they utterly fail to address in this argument is the fact that this same IRS Form 9131 should be obtainable through an FOIA request, although not as timely as per the Court's original discovery completion date, and that defendant's have unlawfully denied plaintiff's requests to obtain this document in the past. In fact, although none of the documents objected to by defendants are outside the scope of the FOIA, the DOJ disclosure office has improperly ignored critical FOIA requests from the plaintiff. For defendants to further object is to simply add insult to injury, as these forms are not exempt from the FOIA, and should be readily obtainable through discovery in any case, civil or criminal.

This Court can also control the issue regarding third parties contacted by agent Burgess, who may have been the recipients of unlawful disclosure. If the government were to reveal a party's name to plaintiff, this Court can order plaintiff not to contact the party in any fashion without the Court's prior permission. Discovery directly with the individual, or by deposition, may take place through written questions, pre-approved by the Court, as per the Rules of

Civil Procedure. This would allow the Court to monitor any contact with the individuals and prevent any alleged "attempt to hinder their cooperation with the criminal proceedings."

Ruling upon plaintiff's motion to stay the Grand Jury proceedings, the Honorable Roger Vinson, judge, determined the discovery obtainable in the civil action was not relevant to those proceedings. This court made the same determination when it entered its ruling upon defendant's motion to stay the civil proceedings. Should this Court now wish to entertain the new motions by defendants, plaintiff respectfully requests this Court con-sider each separate discovery request on its face and render a determination as to the applicability in any possible criminal action (should one ever be filed) rather than to stay the proceedings for an indefinite period. Plaintiff notes the fact that the Grand Jury has had plaintiff's case before them for seven months now, and it is increasingly unlikely that any such indictment may be forthcoming.

Defendants claim that plaintiff made "threats" of litigation to third parties responding to unlawful summonses issued by IRS agents. Plaintiff did inform third parties that what the IRS agents were doing was not legal and that if the third party illegally disclosed any confidential information, a lawsuit was possible. If any such "threats" of litigation were made during the course of the administrative, not criminal, investigation, then there should really be no concern. Since, if "threat" of litigation were illegal, there would be no lawyers on the street to defend each other – they would all be in jail. But, again, the Court will be able to monitor any future contact and impose sanctions for any infractions.

Defendants, within their Renewed Motion to Stay, and attached Memorandum in Support, present the argument that plaintiff's principal defense in the criminal case is that the United States lacks the authority to conduct the investigation and that nothing within the Internal Revenue Code requires him to pay taxes. These statements are highly speculative and do not accurately reflect the fact that to date it has been unnecessary to present a defense to criminal charges, as none have

been filed. The criminal matter is at the grand jury investigation stage, and plaintiff has not had the opportunity to testify before the grand jury other than to respond to the Asst. U.S. Attorney's question regarding whether he would voluntarily provide a handwriting exemplar.

Speculation by defendants to this court as to what they "believe" plaintiff's defense might be "if" he is indicted by the grand jury is preposterous. They could just as easily assume that his defense will be one of absolute innocence as well. The contentions of the defendants throughout these proceedings have been calculated to be defamatory in nature, and designed to cast the plaintiff in a harsh light with this court. But in the end, it is not the plaintiff's actions that are the subject of this civil case, but those of agent Burgess, one of the defendants, and perhaps others.

As for the Grand Jury proceedings, plaintiff has more than once respectfully requested to be permitted to appear before the Grand Jurors and answer any questions they may have. But each request has been summarily denied or ignored. Clearly, plaintiff poses no threat to the function of the Grand Jury.

If the defendants object to the production of certain documents and/or responses to particular discovery requests, plaintiff believes the proper forum is to object to those discovery requests with specificity, *not* a blanket stay of the entire action. This Court is capable of preventing the disclosure of any substantive evidence about the criminal investigation

### DOCTOR DEAN'S WEBSITE

With regard to Plaintiff's website, all documents from this Court posted on the web site are public information, obtainable by the public through the office of the clerk of this Court, or, if one has access to it, through PACER (Public Access to Court Electronic Records). Any editorial comment on the part of the plaintiff is free expression guaranteed under the First Amendment. Even a person with unconventional beliefs has protections therein, absent libelous statements.

In Exhibit 2, attached to the renewed motion to stay, defendants reference a case in which a District Court (NV, Hon. Lloyd George, judge), at the behest of the IRS, issued an injunction banning Irwin Schiff from selling his income tax book. However, what the defendants did not inform this court is that the Ninth Circuit Court of Appeals recently lifted that injunction pending appeal. It seems these days, the government wants to assail the rights of citizens protected under the Bill of Rights on all fronts, under any guise it can muster. The government does not like the exposure of its avoiding discovery in this action (through blatant misrepresentation in its discovery responses), and attempting to stay these proceedings. Yes, people are reading of these events and drawing their own conclusions, as is their right. There is no libelous content on Plaintiff's site – only the dissembling of government agents when caught with their hands in the cookie jar.

Counsel for the government asks this Court to muzzle plaintiff without even giving him his day in court. The government seeks *ex parte* and "secret" communications with the Court to prevent public exposure of documents that are a matter of public record.

## CONCLUSION

This case is about an agent acting outside of her authority and using investigatory methods specifically prohibited even by her own organization's internal operating procedures. This case is about Tanya Burgess informing associates of Dr. Ward Dean that he is the subject of an investigation by an officer of the IRS Criminal Investigation Division.

Plaintiff respectfully believes this Court should bear in mind that plaintiff has served his country honorably as a United States Army Ranger and as a member of Delta Force (the nation's elite anti-terrorist unit), in several combat zones at the risk of his life. He is, once again, a citizen of the country for which he was once a combatant. The country for which he fought was one of open government, not

government of deceit and secrecy. It was a country where all men are guaranteed at least their day, and hopefully justice, in the courts.

Now, Plaintiff finds himself in a situation where what he has discovered has led him to ask questions about the authority of those who order him to do things. But questions asked of the IRS, and other government branches, have been met with obstinate refusals to answer.

Plaintiff has all along expressed his willingness to pay any taxes he owes, if the IRS would just show him the law that requires him to pay them. But instead of answering simple questions, the IRS has launched a "criminal investigation" and made sure plaintiff's friends, associates, patients, banks and others are unlawfully made aware of its criminal investigation.

Perhaps this Court is aware of the recent acquittal of Vernice Kuglin (a Federal Express pilot), someone the IRS vilified as a "tax protester," who asked similar questions as plaintiff is asking, before she would pay her income taxes. In her case, <u>US v. Kuglin</u> (WD TN 2003) #03-CR-20111, the jury acquitted her for the very reasons that counsel for the government is trying to move this Court to prevent discovery and stay these proceedings – fear that citizens may find out its doublespeak and lack of authority and to prevent the dissemination of that type of information. The jurors there did not like the government's failure to provide answers when asked simple questions.

Plaintiff seeks no information relevant to the testimony or findings of agents or the testimony or evidence presented to the Grand Jury. Any documents requested to which the government objects could be reviewed by this Court in open court, with argument given as to why each document is relevant, or why it should be withheld. Requesting a stay of these proceedings as counsel for the government has done smacks of a coverup. Again, if necessary, the Court can order the documents to be redacted to cover any *alleged* sensitive information. Plaintiff's civil action poses no "threat" while under the direct oversight of this Court

Plaintiff respectfully requests this Honorable Court grant careful review of all the facts and matters contained herein and deny the Defendant's Renewed Motion to Stay the Proceedings. To deny Plaintiff the ability to proceed further with this case is to deny him Due Process and the expedient relief he has properly sought, as well as to shield the Defendants from being subjected to the judgment sought by the Plaintiff.

Further, much of what plaintiff is asking this Court to undertake now could have been resolved by the parties, if counsel for defendants exhibited any interest whatsoever in working out a resolution of the issues. Merely asking, "Will you give us a stay and four months to respond to discovery" with nothing more is not "good faith." So, once again, given the baseless delaying and obfuscating conduct and lack of good faith exhibited by counsel for defendants, Plaintiff believes this Court should consider monetary sanctions against counsel for the defendants for making these motions and wasting more of the Court's time.

Respectfully Submitted,

Ward Dean, M.D.
Plaintiff *pro se*
8799 Burning Tree Road
Pensacola, FL 32514
850.484.0595

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the  15th  day of September, 2003, I have placed a true and exact copy of the foregoing <u>Plaintiff's Memorandum in Opposition to the Government's Various Motions</u> in the U. S. Mail, postage prepaid, addressed to:

Lindsey W. Cooper, Jr.
Civil Tax, Eastern Region
U.S. Department of Justice
P .0. Box 227, Ben Franklin Station
Washington, DC 20044

_____
Ward Dean, M.D.
Plaintiff *pro se*
8799 Burning Tree Road
Pensacola, FL 32514
850.484.0595