IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| WARD DEAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:03 cv 00065 (LAC/MCR) |
| UNITED STATES, *et al.*, | ) ) ) |
| Defendants. | ) ) ) |

**UNITED STATES' RESPONSE TO
PLAINTIFF'S REQUEST FOR SANCTIONS**

ISSUE PRESENTED

In plaintiff's response to the defendants' motion to reopen and extend the discovery period, a request was made that the Court sanction the defendants. This request is based on two grounds. First, Dean asserts that the defendants should be sanctioned for moving the Court to reopen and extend the discovery period as a waste of the Court's time. The second basis is the defendants' refusal to comply with the approved discovery order. But sanctions are inappropriate because the defendants' action of not engaging in discovery was substantially justified as plaintiff was informed of the defendants' intent not to respond to discovery (to which plaintiff did not object), and the defendants in good faith relied on this Circuit's policy of giving deference to criminal proceedings, relied on applicable law in seeking to stay the proceedings, and relied on the statements of the Internal Revenue Service that the requested civil discovery would interfere with the criminal proceedings.

-1-

27

STATEMENT

It is undisputed that Dean is currently the subject of an ongoing and concurrent criminal investigation. (Compl ¶4.) Because there is an ongoing criminal investigation, a substantial risk exists that any discovery under the liberal civil discovery rules would interfere with the criminal proceedings. This is especially true under these circumstances as the allegations in Dean's complaint are directly related to a special agent's communications made during the criminal investigation. (Compl. ¶¶6-12.) Indeed, after Dean served his civil discovery requests, defendants – the United States and the Internal Revenue Service (collectively, "United States") – made a good faith determination based upon the nature of the requests and the representations of the special agent conducting the criminal investigation that responding to his discovery requests would, in fact, interfere with the criminal matters. (Burgess Decl. ¶¶3-8.) The United States informed plaintiff that it would be filing a motion to stay on these grounds and that it would not be responding to discovery. (Ex. 1.) Plaintiff did not object. On July 29, 2003, the United States filed its motion to stay the proceedings. This Court denied the stay on August 15, 2003, and the discovery period expired the same day. The United States received a copy of the order on August 22, 2003 and then filed a motion to reopen and extend the discovery period on August 29, 2003. Plaintiff responded on September 4, 2003 and requested that sanctions be imposed against the United States. (Resp. p.3.)1/   The United States now responds to the request for sanctions.

A renewed motion to stay the proceedings was filed on September 8, 2003 and plaintiff timely responded. All of these motions are currently pending before the Court.

---

1/   Plaintiff does not specify the rule or statute under which he is seeking sanctions. But, as plaintiff is seeking sanctions for purportedly violating the Court's order, the United States will assume that Fed. R. Civ. P. 37(a)(4) applies.

ARGUMENT

In support of his request for sanctions, plaintiff first asserts that the United States should be sanctioned for its failure to comply with the discovery schedule. (Resp. p.3.) But plaintiff was notified that the United States would not be responding to his discovery requests on the basis that the responses would interfere with the ongoing criminal investigation. The United States further gave notice that it would file a motion to stay the proceedings on these grounds and would not be responding to any of the discovery requests. (Ex. 1.) Plaintiff never objected to the United States' position and did not attempt to compel responses. Thus, plaintiff tacitly consented to the United States not responding to the discovery requests, on the representation that the question of discovery would be presented to the Court for resolution by means of a motion to stay proceedings.

Plaintiff's second basis for sanctions is that the United States is wasting the Court's time by basing a motion to reopen and extend the discovery period on the same grounds that the motion to stay was denied. (Resp. p.3.) Although the motion to stay was denied, this does not infer that the United States' actions were not substantially justified in not engaging in any discovery and then subsequently seeking an extension of the discovery period. The United States' actions were substantially justified as it was relying on applicable law. It is a well settled principle that, when civil discovery would interfere with a criminal investigation or provide more information than allowed under Fed. R. Crim. P. 16, a stay is appropriate and civil discovery should not be permitted. The Court affirmed this well recognized legal principle in its order. (Order pp.2-3.)2/   The concurrent criminal and civil proceedings place the United States in the

---

2/   The Court also stated its belief that a stay would be appropriate if the United States could demonstrate with more specificity how the civil discovery would interfere with the criminal proceedings. (Order p.4.) In accordance with the Court's opinion, on September 8, 2003, the

awkward position of conducting a criminal investigation of plaintiff and defending a civil lawsuit initiated by plaintiff that involves the actions of the special agent conducting the ongoing investigation. Because the United States believed that the discovery requests were related to the criminal proceedings and would interfere with the investigation, a stay was sought and the United States did not respond to discovery on these grounds. Consistent with this position, the United States did not conduct its own discovery.

The United States further relied in good faith on this Circuit's policy of giving deference to criminal proceedings over civil. (Mot. Reopen Dis. pp.3, 4.) The United States also took its position based upon information from the special agent conducting the criminal investigation, who affirmed that responding to Dean's civil discovery would interfere with the criminal investigation. (*See* Burgess Decl. ¶¶3-8.) By relying on applicable law, the policy of this Circuit

---

United States renewed its motion to stay proceedings providing direct evidence that the requested civil discovery will interfere with the criminal proceedings. In particular, the Court was directed to one of Dean's own statements: "The materials, responses and admissions sought within the aforementioned civil discovery pleadings will have a significant impact upon the ongoing criminal investigation." (Renewed Mot. Stay p.3.) In Dean's response, he now, in fact, admits that the civil discovery requests are related to the criminal proceedings. (Pl. Resp. Renewed Mot. Stay pp.3,7.) This is after he previously stated with certainty that "[n]othing about the Plaintiff's discovery requests can be construed as relevant, or pertinent, to the ongoing criminal investigation." (Pl. Resp. Mot. Stay. p.4.) Dean now concedes that his discovery requests are related to the criminal proceedings.

Dean also discusses how he is challenging the United States' and its agents' authority to conduct the criminal investigation and the related proceedings. (Pl. Resp. Renewed Mot. Stay pp.4-10.) He further states that the United States' legal authority to conduct an investigation is "relevant to the civil action." (*Id.* p.7.) In other words, his defense to the criminal action is also the basis for the civil action, and thus, they are directly related. This theory is not new to Dean, who previously filed a collection due process complaint on the same grounds – which this Court dismissed outright. (*See Dean v. United States of America*, 3:01-CV-430 (LAC).) This is further evidence of a common theme running through all of Dean's criminal and civil proceedings, and the fact that civil discovery will interfere with the criminal proceedings.

and the factual representations of the investigating agent, the United States was substantially justified in not engaging in civil discovery during the initial discovery period. And for these reasons, the United States' motion to reopen discovery and extend the discovery period was also justified and was filed for valid reasons.

## CONCLUSION

Because the United States' actions of not engaging in discovery and subsequent motion to reopen and extend the discovery period were substantially justified, the Court should deny plaintiff's request for sanctions.

DATED: September 17, 2003

Respectfully submitted,

GREGORY R. MILLER
United States Attorney

_____
GERALD A. ROLE
LINDSEY W. COOPER, JR.
(TN Bar No. 020705, DC Bar No. 473895)
Civil Tax, Eastern Region
U.S. Department of Justice
P.O. Box 227, Ben Franklin Station
Washington, DC  20044
Telephone: (202) 307-6528
Facsimile: (202) 514-6866

*Attorney for the United States*

**Insert Sheet for Tab Page**[1]

# EXHIBIT 1

---

[1] Index tabs will not properly feed through the document scanner. This page replaces the original tab page in this electronic version of the document.



U.S. Department of Justice

Tax Division

*Civil Trial Section, Eastern Region*

---

EJO'C:DAH:LC:ceo
5-72-2487
CMN 2003102865

*Post Office Box 227*
*Washington, DC 20044*

*Telephone. (202) 307-6528*
*Telecopier (202) 514-6866*

July 23, 2003

**VIA FIRST-CLASS MAIL**

Ward Dean, M.D.
8799 Burning Tree Road
Pensacola, Fl 32514

Re:   *Dean v. United States, et al., No. 3:03 cv 65 (LAC/MCR) (USDC N.D. Fl.)*

Dear Dr. Dean:

As we discussed, the United States at this time will not be responding to either your first or second set of discovery requests until the Court has ruled upon the motion to stay proceedings that will be filed shortly. It is the United States' position that disclosure of information by the United States in a civil proceeding is improper while a concurrent criminal investigation is taking place. Thus, the United States objects to your discovery requests on this ground. However, the United States will respond to your discovery requests should the Court deny the motion to stay.

If you have any questions, I may be reached at (202) 307-6528.

Many thanks.

Sincerely yours,

LINDSEY W. COOPER, JR.
Trial Attorney
Civil Trial Section, Eastern Region

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF FLORIDA

PENSACOLA DIVISION

| | |
|---|---|
| WARD DEAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:03 cv 00065 (LAC/MCR) |
| | ) |
| UNITED STATES, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

It is hereby certified that the DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR SANCTIONS with ORDER and DEFENDANTS' RESPONSE TO NOTICE OF THE INABILITY OF THE PARTIES TO SELECT A MEDIATOR AND REQUEST FOR THE COURT TO SELECT A MEDIATOR with ORDER were caused to be served on the 17th day of September 2003, by sending a copy thereof via Federal Express:

        Ward Dean, M.D.
        8799 Burning Tree Road
        Pensacola, Fl 32-514
        Telephone: (850) 484-0595

        _____
        LINDSEY W. COOPER, JR.