IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |  |
|---|---|---|
| WARD DEAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:03 cv 00065 (LAC/MCR) |
| | ) | |
| UNITED STATES, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MOTION TO COMPEL RESPONSE TO PLAINTIFF'S FIRST AND SECOND REQUEST FOR PRODUCTION OF DOCUMENTS and MOTION TO COMPEL ANSWERS TO INTERROGATORIES

COMES NOW, Plaintiff Ward Dean, pro se, pursuant to Fed.R.Civ.P., Rules 33, 34, and 35 and Local Rules 26.2(D), and hereby files this instant "Motion To Compel Response To Plaintiff's First And Second Request For Production Of Documents And Motion To Compel Answers To Interrogatories". In support thereof, Plaintiff would show the following:

1. Prior to the filing of this motion and under Local Rule 7.1(B), a good faith effort was made to resolve the issues raised by this motion.




2. On August 15, 2003 the previously ordered period for completion of discovery expired without Plaintiff receiving any of the requested Documents or Interrogatory responses.

3. Subsequent to the discovery Cut-off date, Plaintiff received Defendant's objections to his First and Second requests for Admissions. These objections will be addressed under separate cover.

4. On September 29, 2003 this Honorable Court entered an order allowing for an additional twenty (20) days for the filing of dispositive motions

5. Defendant's, to date, have failed/refused to file any reply, responsive pleading or request for enlargement of time, prior to expiration of the deadline imposed pursuant to the applicable discovery rules.

6. Pursuant to local Rule 26.2(D) the following is a list of all outstanding discovery requests related to this instant motion:

**PLAINTIFF'S FIRST SET OF INTERROGATORIES:**

1. State why it was necessary for Special Agent Tanya Burgess to disclose that she was conducting a criminal investigation of Dr. Dean?

2. State why Special Agent Tanya Burgess would have been unable to obtain answers to her questions without stating she was conducting a criminal investigation.

3. State whether Special Agent Tanya Burgess attempted to obtain answers to her questions prior to stating she was conducting a criminal investigation.

4. State why it is necessary for Special Agent Tanya Burgess to disclose that she was conducting a criminal investigation of Dr. Dean when sending letters, summons, and subpoenas to potential witnesses?

5. State why Special Agent Tanya Burgess would be unable to obtain the same responses without including "criminal investigation" on summons, subpoenas and in the return address on correspondence (including envelopes) addressed to potential witnesses?

6. State whether Special Agent Tanya Burgess has access to summons, subpoenas, letterhead and return address envelopes that do not include "criminal investigation" on them?

7. State the names, addresses, telephone numbers and positions (if person contacted was an employee of the third party) of all third parties contacted, either directly, telephonically, by Summons, or letter, in the investigation of Dr. Dean.

8. State whether Special Agent Tanya Burgess received training on the Disclosure Litigation Reference Book.

9. If Special Agent Tanya Burgess did not receive training on the Disclosure Litigation Reference Book state why.

10. State the length of time that IRS is required to retain Forms 23-C.

**PLAINTIFF'S SECOND SET OF INTERROGATORIES:**

1. State what class of tax is being investigated in the instant case.

2. What taxing and liability statutes, along with implementing regulations, made me a person liable for keeping books and records and filing returns for that statute?

3. What internal revenue district, established in compliance with requirements of 26 U.S.C. § 7621 and Executive Order #10289, is the situs of the taxable articles, activities and/or transactions from which the alleged taxable income you were investigating derived?

4. What delegated authority, whether statutory or otherwise, does Agent Burgess have for administering the class or classes of tax named in response to interrogatory #1 above?

5. What "officer, employee, or agency of the Treasury Department [or] other officer of the United States" is the delegate of the Secretary for purposes of

collection of the tax agent Burgess was investigating as stated in response to #1 above in States of the Union? (26 U.S.C. § 7701(a)(1)(A))

6. What order, agreement, contract or other such device does agent Burgess have that authorizes investigation activity on behalf of the "delegate" of the Secretary, as defined at 26 U.S.C. § 7701(a)(12)(A), in States of the Union? See §§ 1001(b)(2) of P.L. 105-206.

7. What is the geographical limitation (venue) of agent Burgess' statutorily authorized delegated authority for investigating the class or classes of tax at issue? (See 4 U.S.C. § 72; see also, 26 U.S.C. § 7701(a)(12)(B))

8. For calendar years 1997 through 2001, have proper notices and demands for payment been issued to me subsequent to execution of assessment certificates in compliance with 26 U.S.C. § 6303 and 26 CFR § 301.6303-1?

**PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS:**

1. Copies of Delegation Orders from the Secretary of the Treasury, down, and to, the level of Special Agent Tanya Burgess for the issuance and execution of summonses.

2. Copies of Delegation Orders from the Secretary of the Treasury, down, and to, the level of Special Agent Tanya Burgess for the investigation of Subtitle A taxes.

3. Copies of documentation proving the employment level of Special Agent Tanya Burgess (GS-10, GS-11, etc.).

4. Copies of job evaluations of Special Agent Tanya Burgess by supervisors.

5. Copies of Special Agent Tanya Burgess' job description.

6. Copies of documentation of any position Special Agent Tanya Burgess may hold in any other agency, for example: Bureau of Alcohol, Tobacco and Firearms.

7. Copies from Special Agent Tanya Burgess' personnel file documenting any training that she has received.

8. Copy of Special Agent Tanya Burgess' oath of office as a Special Agent.

9. Copies of any documentation regarding payments made to Special Agent Tanya Burgess that have been made in addition to monthly salary or reimbursement for expenses.

10. Copy of Form 9131, Request for Grand Jury Investigation, pertaining to Plaintiff.

11. Copy of supporting Exhibits to Form 9131, referenced in Request #10.

12. Copy of Form 4135, Criminal Investigation Control Notice pertaining to Plaintiff.

13. Copies of Form 23C, Assessment Certificate, for Tax Years 1997 through 2001, pertaining to Plaintiff.

14. Copies of Form 813B Recapitulation of Document Register (any and all parts) pertaining to Plaintiff for Tax years 1997 through 2001.

15. Copies of Form 2859 Request for Quick or Prompt Assessment pertaining to Plaintiff for Tax years 1997 through 2001.

16. Copies of Form 9984 Examining Officer's Activity Record, pertaining to Plaintiff for Tax years 1997 through 2001.

17. Copies of Form 8278 Computation and Assessment of Miscellaneous Penalties pertaining to Plaintiff for Tax years 1997 through 2001.

18. Copies of the AMDISA File (pages 01, 02, 03, 04, and 05) pertaining to Plaintiff for Tax years 1997 through 2001.

19. Copies of Form 4340 pertaining to Plaintiff for Tax years 1997 through 2001.

20. Copies of Oath of Office, Job Description, and Delegation Orders pertaining to IRS employees who signed the 4340s referenced in Request #19.

21. Copies of Form 2797, which indicates a Criminal Investigation pertaining to Plaintiff.

22. Copies of Form 4930 Criminal Investigative Division General/Primary/Subject Investigative Report pertaining to Plaintiff.

23. Provide copies of all contact documents sent to third parties requesting information regarding Dr. Dean in this investigation.

**PLAINTIFF'S SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS:**

1. Copies of Delegation Orders from the Secretary of the Treasury, down, and to, the level of Revenue Agent Wayne Jackson for issuing Summonses.

2. Copies of Delegation Orders from the Secretary of the Treasury, down, and to, the level of Revenue Agent Wayne Jackson "to examine books, papers, records, or other data."

3. Copies of documentation proving the employment level of Revenue Agent Wayne Jackson (GS-10, GS-11, etc.).

4. Copies of job evaluations of Revenue Agent Wayne Jackson by supervisors.

5. Copies of Revenue Agent Wayne Jackson's job description.

6. Copy of Revenue Agent Wayne Jackson's oath of office as a Revenue Agent.

7. Copies of any documentation regarding payments made to Revenue Agent Wayne Jackson that have been made in addition to monthly salary or reimbursement for expenses.

//
//
//
//
//
//
//
//
//
//

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter an order compelling Defendants to comply with the discovery requests reiterated herein by a date certain, so the Court will have adequate time to determine if any of the requested discovery requires redaction, and if any objections to the admissions should be upheld.

Respectfully submitted,

*[signature]*

Ward Dean, M.D.
Plaintiff *pro se*
8799 Burning Tree Road
Pensacola, FL 32514
850.484.0595

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY that on the 9th day of October, 2003, I have placed a true and exact copy of the foregoing Motion To Compel Response To Plaintiff's First And Second Request For Production Of Documents And Motion To Compel Answers To Interrogatories in the U. S. Mail, postage prepaid, addressed to:** Lindsey W. Cooper, Jr., Civil Tax, Eastern Region, U.S. Department of Justice,

P.O. Box 227, Ben Franklin Station

Washington, DC 20044

_____

Ward Dean, M.D.
Plaintiff *pro se*
8799 Burning Tree Road
Pensacola, FL 32514