UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

Ward Dean, M.D.

    Plaintiff,

United States of America and
Internal Revenue Service, et al.,

    Defendants.
_____/

Case No: 3:03cv65/LAC/MCR

MOTION AND MEMORANDUM FOR
RECONSIDERATION OF DENIAL OF
MOTION TO COMPEL DISCOVERY

PLAINTIFF, Dr. Ward Dean, respectfully moves this Court, pursuant to Rule 59(e), to reconsider its Order denying plaintiff's Motion to Compel Discovery. As grounds for reconsideration plaintiff offers the following points and authorities:

The defendants argued for denial of the motion by citing *U.S. v. One 1964 Cadillac Coupe DeVille*, which in turn cited as authority *Campbell v. Eastland*, from which the defendants then cited. Plaintiff requests the Court to note that *Campbell* is readily distinguishable from the instant case.

The discovery sought in *Campbell* was:

> "1. **'Any and all' reports** of the Special Agents or of any other employee of the Internal Revenue Service made with respect to the examination of the taxpayers' returns for the years 1954 through 1957.
>
> "2. **'Any and all' written statements** taken under oath by any agent or employee of the Service.
>
> "3. **'Any and all' written statements** and documents received from certain employees of the taxpayers.
>
> "4. **'Any and all' documents** pertaining to the failure of defendant to act upon the claim for refund."
>
>                 *Campbell* at 482 (emphasis added).



1

In *Campbell*, the plaintiff sought the reports of the agents and thus the contents of those reports. Here, plaintiff has not sought the reports of the agents and has stated that *any* content prejudicial to any criminal action defendants think they might file, could be Redacted by the Court.

Since plaintiff has not sought the <u>contents</u> of any documents—merely the fact that <u>required</u> documents actually exist--the cries of prejudice made by the defendants ring hollow. Plaintiff's discovery requests are reasonable. In point of fact, plaintiff has offered to allow the Court to determine what *might* constitute an improper revelation. Thus, on closer scrutiny, the defendants' argument should be seen to be completely off point and erroneous.

Despite repeated requests by plaintiff, defendants have consistently refused to provide <u>any</u> evidence to prove they are acting with proper authority. If the documents sought by plaintiff show a lack of authority, as plaintiff believes they will, it is that lack of authority that will have an impact on the defendant's investigation, not any revelation of the contents of any documents. That lack of authority is the basis of this case.

If defendants can not be made to prove they are acting with legal authority, one can only conclude the defendants justify their actions on the strength of brute force, as is the practice of totalitarian governments everywhere. That is *not* the type of government for which the plaintiff risked his life many times during his many years in the military, as a Special Forces officer and as a member of Delta Force, the elite anti-terrorist unit.

If the defendants can not be held accountable for acting without proper authority before an action and they cannot be held accountable for acting without proper authority and procedural correctness in this Court, then when and where, and after how much irreversible damage has been done to plaintiff?

## Conclusion

For the foregoing reasons, plaintiff respectfully requests this Court to vacate its order of 14 October denying plaintiff's Motion to Compel Discovery, and instead, grant plaintiff's Motion and order the defendants to produce the discovery requested by plaintiff, redacted as this court may deem necessary to protect the details of any criminal investigation.

Respectfully submitted,

Ward Dean, M.D., *pro se*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 27th day of October, 2003, I have placed a true and exact copy of the foregoing in the U.S. Mail, first class postage, prepaid, addressed to:

> Lindsey W. Cooper, Jr.
> Civil Tax, Eastern Region
> U.S. Department of Justice
> P.O. Box 227, Ben Franklin Station
> Washington, DC 20044

Ward Dean, M.D.
8799 Burning Tree Road
Pensacola, Florida 32514
850.484.0595