# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| WARD DEAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:03 cv 00065 (LAC/MCR) |
| | ) |
| UNITED STATES, et al., | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S MOTION TO VIEW SECOND AND THIRD DECLARATIONS OF SPECIAL AGENT TANYA D. BURGESS

Plaintiff Ward Dean, pro se, files this "Motion to View Second and Third Declarations of Special Agent Tanya Burgess." In support of this request, plaintiff would show the following:

1. Defendants filed their pleading entitled "Motion to file Second declaration of Tanya D. Burgess with Restrictions and to File the Third Declaration of Tanya Burgess Under Seal and Ex Parte" on September 9, 2003.

2. Although the defendants requested that only the Third Declaration be filed *In Camera* and *Ex Parte*, and that the Second Declaration be filed only with certain restrictions placed upon the Plaintiff, on October 14, 2003, despite the absence of any Order granting the motion referred to in paragraph 1 herein, both the Second and Third




declarations of Tanya D. Burgess were filed *In Camera* and *Ex Parte*. Withholding the contents of the Second Declaration is clearly beyond the scope of what was requested by the defendants.

3. Plaintiff herein submits that the intended purpose of the Second and Third declarations of Tanya D. Burgess was not only to maintain confidentiality of certain alleged "evidence" and investigative techniques of the government, but also to prevent Plaintiff from perfecting discovery. Defendants are attempting to close this case, in their favor, with unknown allegations and materials, the validity of which Plaintiff has no ability to rebut.

4. On 1 December, 2003, prior to filing this motion under Local Rule 7.1(B), Plaintiff conferred with counsel for the Defendants, in a good faith effort to resolve by agreement the issues raised, but was unable to resolve the issue raised by this motion.

**Wherefore,** Plaintiff herein contends that he must be afforded the opportunity to review and rebut these recent declarations of Agent Burgess, minus any material included therein which the Court believes must be redacted to protect the legitimate interests of the Defendants. To refuse Plaintiff the opportunity to rebut any alleged evidence flies in the face of justice. If the Defendants are to be allowed to communicate privately with the impartial Adjutant of facts in this case, then Plaintiff must ask when the scales have been stolen from the hand of justice?

Ward Dean, M.D.
Plaintiff, Pro Se
8799 Burning Tree Road
Pensacola, Florida 32514
(850) 484-0595, 850- 477- 8610 (Fax)
warddeanmd@earthlink.net

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing **Motion to View Second and Third Declarations of Special Agent Tanya Burgess** were caused to be served on the 1st day of December, 2003, by sending a copy thereof via certified mail to: Lindsey W. Cooper, Jr., Attorney for the Defendants, (TN Bar No.020705, DC Bar No.473895), Civil Tax, Eastern region, U.S. Department of Justice, P.O. Box 227, Ben Franklin Station, Washington, DC 20044

Ward Dean, M.D.
Plaintiff Pro Se
8799 Burning Tree Road
Pensacola, Florida 32514
(850) 484-0595, 850-477-8610 (Fax)
warddeanmd@earthlink.net