IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

|  |  |  |
|---|---|---|
| WARD DEAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:03 cv 00065 (LAC/MCR) |
| | ) | |
| UNITED STATES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S
### MOTION TO VIEW SECOND AND THIRD
### DECLARATIONS OF SPECIAL AGENT TANYA D. BURGESS

QUESTION PRESENTED

Plaintiff seeks to view the Second and Third Declarations of Tanya D. Burgess, which were sealed by the Court. His request is based on the grounds that defendants did not seek to seal the second declaration and that now the declarations are now being relied upon in support of the defendants' motion for summary judgment. But the declarations contain sensitive investigative information, which the Court did not rely on, and the United States has not cited to the declarations in its motion for summary judgment. Has plaintiff provided a sufficient basis to reverse the Court's order and view the sealed documents?

STATEMENT

On or about September 5, 2003, the United States and the Internal Revenue Service (collectively, "United States") filed a renewed motion to stay these proceedings. [Docket No.




22.] Concurrent with the renewed motion to stay, the United States sought leave to file the second declaration of Special Agent Burgess with restrictions and the third declaration of Special Agent Burgess under seal. [Docket No. 24.] These declarations were intended to support the United States' renewed motion to stay the proceedings. But even before the United States filed the second and third declarations to the Court, defendants' request for a stay was denied on September 29, 2003. [Docket No. 29.]

The next day, an order was issued requesting that the United States submit the second and third declarations of Tanya Burgess so a determination could be made if the declarations should be sealed. [Docket No. 35.] Defendants did so. In accordance with its order, the Court considered the declarations of Special Agent Burgess and sealed the documents on October 14, 2003. [Docket No. 42.] Because the declarations contain sensitive investigative information and because the Court did not rely on the declarations in denying the renewed motion to stay, the Court's decision to seal the declarations was correct and remains so.

Now that more than a month has lapsed, plaintiff voices his disagreement with the Court's decision and seeks leave to view the declarations. The basis for his motion to view the declarations is: (1) the United States did not request that Special Agent Burgess' second declaration be sealed (Pl. Mot. ¶¶1-2); and (2) the United States is now relying on the sealed declarations in support of its motions for summary judgment (Pl. Mot. ¶¶3-4). Both of these contentions are incorrect.

ARGUMENT

The United States intended to file the second declaration of Tanya Burgess in support of its renewed motion to stay the proceedings. Although the declaration contains sensitive

information, the United States intended to rely on this declaration in support of its motion to stay. Thus, the United States requested that the Court apply certain restrictions to the second declaration's use after it was disclosed to plaintiff. But before the declaration was submitted to the Court or served upon the plaintiff, the United States' renewed motion to stay the proceedings was denied. Thus, the Court did not even rely on the information contained the declaration. The Court then, on its own initiative, ordered the United States to submit the second and third declarations of Tanya Burgess, after the fact, in order to determine if they should be sealed. [Docket No. 35.] On October 3, 2003, the United States complied by submitting the declarations for the Court's review *in camera*, and on October 14, 2003, the documents were sealed.

Even though the United States did not move to seal the second declaration (only the third declaration), the Court ordered that the declarations be submitted to determine if they should be sealed and granted the relief that it deemed necessary. Plaintiff comes forward with no compelling reason that the declaration should be unsealed, especially in light of the fact that the Court did not take Special Agent Burgess' second or third declarations into consideration when denying the United States' motion to stay. Because the declarations contain sensitive information and because the declarations were not relied upon by the Court in denying the motion to stay the proceedings, plaintiff provides no basis for needing to view the declarations.

Plaintiff makes the second argument that the United States is relying on the sealed declarations in support of its motion for summary judgment. (Pl. Mot. ¶¶3-4.) But this is not the case. The motion for summary judgment only makes reference to and relies on to the Fourth Declaration of Tanya D. Burgess. Thus, the sealed Second and Third Declarations of Tanya D. Burgess are not being relied upon, and plaintiff's argument is misplaced.

## CONCLUSION

Because plaintiff fails to provide any basis for reviewing the sealed declarations and the United States does not rely on the sealed documents in support of its motion for summary judgment, plaintiff's motion to view the declarations must be denied.

DATED: December 10, 2003             Respectfully submitted,

                                     GREGORY R. MILLER
                                     United States Attorney


                                     _____
                                     GERALD A. ROLE
                                     LINDSEY W. COOPER, JR.
                                     (TN Bar No. 020705, DC Bar No. 473895)
                                     Civil Tax, Eastern Region
                                     U.S. Department of Justice
                                     P.O. Box 227, Ben Franklin Station
                                     Washington, DC  20044
                                     Telephone: (202) 307-6528
                                     Facsimile: (202) 514-6866

                                     *Attorneys for the United States*

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| WARD DEAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:03 cv 00065 (LAC/MCR) |
| | ) |
| UNITED STATES, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Having considered the plaintiff's motion to view the second and third declarations of Tanya D. Burgess, the United States' and Internal Revenue Service's response thereto and the entire record herein, and good cause having been shown, this _____ day of December 2003, it is

ORDERED that plaintiff's motion to view the second and third declarations of Tanya D. Burgess is DENIED; and it is further

ORDERED that the Clerk shall distribute copies of this signed order to all necessary parties.

_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| WARD DEAN, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:03 cv 00065 (LAC/MCR) |
| UNITED STATES, *et al.*, | ) |
| Defendants. | ) |

### CERTIFICATE OF SERVICE

It is hereby certified that the DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO VIEW SECOND AND THIRD DECLARATIONS OF SPECIAL AGENT TANYA D. BURGESS and ORDER were caused to be served on the 10th day of December 2003, by sending a copy thereof via first-class mail:

        Ward Dean, M.D.
        8799 Burning Tree Road
        Pensacola, Fl 32-514
        Telephone: (850) 484-0595

                _____
                LINDSEY W. COOPER, JR.