# United States Court of Appeals
For the Eleventh Circuit

No. 04-12789

District Court Docket No.
03-00065-CV-3-MCR-MD

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Jan 10, 2005

THOMAS K. KAHN
CLERK

WARD DEAN,

        Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,
INTERNAL REVENUE SERVICE,

        Defendants-Appellees.

------------------------------------------------------------

Appeal from the United States District Court
for the Northern District of Florida

------------------------------------------------------------

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Atlanta, Georgia

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

    Entered: January 10, 2005
For the Court: Thomas K. Kahn, Clerk
        By: Gilman, Nancy

ISSUED AS MANDATE
APR 1 1 2005
U.S. COURT OF APPEALS
ATLANTA, GA.

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
PENSACOLA, FLA.

05 APR 12 AM 11: 17

FILED

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

---

No. 04-12789
Non-Argument Calendar

---

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 10, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-00065-CV-3-MCR-MD

WARD DEAN,

                Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,
INTERNAL REVENUE SERVICE,

                Defendants-Appellees.

---

Appeal from the United States District Court
for the Northern District of Florida

---

**(January 10, 2005)**

Before ANDERSON, HULL and WILSON, Circuit Judges.

PER CURIAM:

    Dr. Ward Dean, *pro se*, appeals the district court's grant of summary judgment in favor of the government in his suit to recover civil damages pursuant

to 26 U.S.C. § 7431. Dean alleged in his complaint that Special Agent Tanya Burgess of the Criminal Investigation Division of the Internal Revenue Service ("IRS") disclosed his confidential return information in violation of 26 U.S.C. § 6103 when she revealed the criminal nature of her investigation of Dean.

I.   Background

In October of 2002, Burgess began investigating whether Dean attempted to evade federal income taxes for the years 1997 through 2001. According to Burgess, she was required to obtain information from third parties in connection with the investigation. She accomplished this through issuing summonses and telephoning witnesses. During the telephone calls, she would state: "My name is Tanya Burgess. I am with IRS Criminal Investigation. I have been assigned to an investigation involving Ward Dean. I would like to ask you some questions." When she served a summons in person, she identified herself as a special agent with IRS Criminal Investigation and displayed her badge and credentials. She also issued written administrative summonses that indicated they were issued by "Criminal Investigation" of the IRS and either "Criminal Investigation" or "CI" may have appeared on the return address on the envelopes.

Burgess contends that these disclosures were made in accordance with her understanding of IRS regulations, policies, and procedures. A February 2, 2001

2

memorandum from the Chief of Criminal Investigation states that, when introducing themselves to third parties, special agents should display their credentials and identify themselves as with the Criminal Investigation Division of the IRS. The memorandum further directs, however, that no affirmative statements characterizing the investigation itself as criminal in nature should be made, unless the disclosure is necessary to obtain the information sought. A March 5, 2001 memorandum issued by the IRS Division Counsel sets forth the policy that the Criminal Investigation Division may reference itself as the appropriate division issuing a summons.

In the summary judgment motion, the government conceded that Burgess had disclosed return information. The government's position, however, was that these disclosures were authorized by 26 U.S.C. § 6103(k)(6) as necessary to obtain information otherwise not reasonably available. In the alternative, the government asserted that if the disclosures were unauthorized, they were made in good faith and did not subject the government to civil damages. *See* 26 U.S.C. 7431(b).

Prior to addressing the motion for summary judgment, the district court denied Dean's request for further discovery and notified Dean that it would consider the government's summary judgement motion soon thereafter. Ultimately, the district court entered judgment in favor of the government.

Dean raises three issues on appeal. First, he argues that, pursuant to FED. R. CIV. P. 56(f), the district court should have required further discovery prior to addressing the government's motion for summary judgment. Second, Dean states that summary judgment was inappropriate because material facts, including whether the disclosures were necessary, are in dispute. Third, Dean contends that Burgess's disclosures were unauthorized and not made in good faith. Upon review of the record and consideration of the parties' briefs, we find no reversible error and affirm.

## II.  Standard of Review

We review a district court's decision to address a summary judgment motion before discovery was completed for abuse of discretion. *See Wallace v. Brownwell Pontiac-GMC Co.*, 703 F.2d 525, 527 (11th Cir. 1983). "[W]e review the district court's grant of summary judgment *de novo*, with all facts and reasonable inferences therefrom reviewed in the light most favorable to the nonmoving party." *Harbert Intern., Inc. v. James*, 157 F.3d 1271, 1277 (11th Cir. 1998). "Summary judgment is appropriate when the record discloses no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Id.*

## III.  Discussion

A.  Discovery

"District judges are accorded wide discretion in ruling upon discovery motions, and appellate review accordingly is deferential." *Harbert*, 157 F.3d at 1280 (citation omitted). "As a general rule summary judgment should not be granted until the party opposing the motion has had an adequate opportunity to conduct discovery." *Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841, 843 (11th Cir. 1989). Rule 56(f) "allows a party who has no specific material contradicting his adversary's presentation to survive a summary judgment motion if he presents valid reasons justifying his failure of proof." *Wallace*, 703 F.2d at 527 (citation and internal quotations omitted). "A party seeking the shelter of rule 56(f) must offer an affidavit . . . specifically demonstrat[ing] how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Id.*

In an order addressing the ongoing discovery dispute between the parties, the district court stated that Dean was attempting to use civil discovery to obtain information not otherwise available regarding the government's criminal investigation of him. The court further found that the requested documents were completely irrelevant to the proceedings, the government did not have to comply with Dean's discovery demands, and Dean's requests for admissions would not be deemed admitted. Dean filed a motion to reconsider.

5

In his motion to reconsider, Dean argued that the government consistently refused to provide any evidence that they are acting with proper authority, but he proffered no support of his vague assertions nor did he even elaborate on what "authority" he was challenging. *See Wallace*, 703 F.2d at 527. Therefore, the district court's denial of Dean's discovery requests as unnecessary and irrelevant was not an abuse of its "wide discretion." *Harbert*, 157 F.3d at 1280. Both below and on appeal Dean merely raises unsubstantiated questions regarding Burgess's and the IRS's authority. Consequently, the district court did not abuse its discretion in denying Dean's discovery requests and addressing the government's motion for summary judgment.

B. Summary Judgment

Section 6103 of Title 26 of the United States Code prohibits disclosure of taxpayers' return information. 26 U.S.C. § 6103(a). "Return information" includes "whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing." 26 U.S.C. § 6103(b)(2)(A). However, an exception provides that internal revenue officers and employees may "disclose return information to the extent that such disclosure is necessary in obtaining information, which is not otherwise reasonably available." 26 U.S.C. § 6103(k)(6). While a civil remedy has been provided for unauthorized disclosure in

violation of this statute, damages are not recoverable if the disclosure "results from a good faith, but erroneous, interpretation of section 6103." 26 U.S.C. § 7431(b).

The government admits that Burgess disclosed Dean was under investigation by IRS Criminal Division, and that this disclosure falls within the definition of "return information" in § 6103(b)(2)(A). The government contends, however, that § 6103(k)(6) authorized these disclosures because they were necessary to obtain information not otherwise reasonably available because Dean failed to cooperate with the investigation. In the alternative, the government asserts that, even if the disclosures were unauthorized, they were made pursuant to a good faith interpretation of § 6103, so Dean should not recover damages under § 7431.

In response to the government's motion for summary judgment, Dean submitted copies of statutes, regulations, case law, and an affidavit of James Kelly. In the affidavit, which was not notarized or given under oath or penalty of perjury, Kelly stated that he would have responded to Burgess's questions without being told that the investigation was criminal. This unsworn affidavit does not constitute evidence, and cannot be relied upon by Dean to create a genuine issue of material fact that would preclude summary judgment. FED. R. CIV. P. 56(c) and (e); *Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980).[1]

---

[1] In *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent decisions of the former Fifth Circuit handed down prior to October 1, 1981.

7

In *Comyns v. United States*, 287 F.3d 1034 (11th Cir. 2002), we examined whether disclosures by IRS Criminal Investigation agents of the criminal nature of their tax investigation to third-party witnesses constituted a violation of § 6103, and adopted the reasoning and holding of the district court's order reported at *Comyns v. United States*, 155 F. Supp. 2d 1344 (S.D. Fla. 2001). In that case, Comyns alleged that the IRS agents made the disclosures through (1) issuing summonses and letters on letterhead with the heading "Criminal Investigation Division," and (2) personal interviews in which they identified themselves as agents with Criminal Investigation. *Comyns*, 155 F. Supp. 2d at 1346-47. The district court held that the IRS was entitled to summary judgment based on the good faith exception because the agents "followed the procedures and training provided them by the IRS, and because those procedures constitute[d] a reasonable interpretation of the law by the IRS." *Id.* at 1352. In addition, the court held that Comyns's reliance on cases dealing specifically with circular letters was misguided. *Id.* at 1351-52.

The disclosures alleged by Dean are nearly identical to those alleged by Comyns: agents identifying themselves as Criminal Investigation agents during interviews and issuing summonses with the heading "Criminal Investigation Division." *Id.* at 1346-47. As in *Comyns*, Dean's attempts to rely on case law

8

concerning "circular letters" is misguided because that practice differs significantly from the targeted contacts made here. *See id.* at 1351-52. Furthermore, because Burgess complied with IRS procedures and these procedures were a reasonable interpretation of § 6103, the government was entitled to the good faith exception set forth in § 7431(b). *See id.* at 1352. Consequently, the district court did not err in granting summary judgment in favor of the government.

IV.   Conclusion

The district court did not abuse its discretion in denying Dean's discovery request and ruling on the government's motion for summary judgment. Since Burgess's disclosures were made in good faith, the district court did not err in granting summary judgment in favor of the government. Accordingly, we affirm.

**AFFIRMED.**

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia